**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

BRIAN MCMAHON,
an Individual

    Plaintiff,   CASE NO.: _____

v.

LUPIN RESEARCH INC.,

a Foreign Profit Corporation

_____ /

**COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

COMES NOW the Plaintiff, Brian McMahon ("Mr. McMahon" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, Lupin Research Inc., ("Lupin" or "Defendant") and alleges the following:

**INTRODUCTION**

1. Plaintiff brings these claims for age discrimination against Defendant for its unlawful termination of Plaintiff based upon his age in violation the ADEA, Section 29 U.S.C. Section 626 (b and c), and 29 U.S.C. Section 623(a)(1) and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

**PARTIES**

2. Plaintiff is an adult individual.

3. Plaintiff is protected by the ADEA because:

    a. He is a male over forty (40) years of age who suffered discrimination because of his age by Defendant; and

      b. He suffered an adverse employment action and was subjected disparate treatment based on his age, including being fired because of discrimination by Defendant regarding his age.

4. Defendant is a Florida Limited Liability Company that is engaged in the telecommunications industry.

5. At all times material, Defendant employed 20 or more employees.

6. Defendant is an employer as defined by 29 U.S.C. Section 630(b).

## JURISDICTION AND VENUE

7. The Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law.

8. This court has supplemental jurisdiction over the FCRA claims as they arise out of the same facts and circumstances as his ADEA claims.

9. Venue is proper in the Fort Lauderdale Division of the Southern District of Florida because Defendant conducts substantial business in Broward County, Florida, and Plaintiff worked for Defendant in Broward County, Florida, where the actions at issue took place.

## CONDITIONS PRECEDENT

10. On or around February 6, 2024, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging age discrimination against Defendant.

11. On or around August 19, 2024, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

12. More than 180 days have passed since the filing of the Charge of

Discrimination.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Mr. McMahon, a sixty-seven (67) year old man, worked for Lupin as an Associate Director of Facilities and EH&S from January 27, 2014, until his unlawful and discriminatory termination on January 17, 2024.

16. During his decade-long tenure at Lupin, Mr. McMahon was obviously an excellent employee, and had no significant history of attendance, disciplinary, or performance issues.

17. Unfortunately, close to the end of Mr. McMahon's employment, Lupin began engaging in a coordinated effort to rid itself of its older employees, in complete violation of the anti-discrimination provisions in the ADEA and FCRA.

18. When Lupin set its sights on Plaintiff for no other reason than his advanced age, Mr. McMahon objected, and refused to be pushed out in such a discriminatory manner.

19. For the weeks and months preceding Mr. McMahon's termination, Lupin had been systematically terminating its older employees and replacing them with younger counterparts.

20. For example, Operations Manager, Gene Streicher, who was sixty-three (63) years old, was summarily terminated and replaced with an employee who was twenty (20) years younger for no immediately discernable reason other than the former's advanced age.

21. Unfortunately, Mr. McMahon's dedicated years of service would not spare him from the same fate, and on January 9, 2024, Director of Human Resources, Jennifer

3

Viera ("Ms. Viera"), called him to her office and asked him point-blank what his "plans for retirement" were.

22. Stunned, Mr. McMahon objected to the discriminatory line of questioning and responded that he did not have any plans to retire in the immediate future.

23. Plaintiff further stated that he would only start considering the idea of retirement after the finalization of his current project, which had a projected completion date of February 2025.

24. Realizing that Mr. McMahon had no intention of letting his employer casually push him out due to his age, Ms. Viera suddenly informed Mr. McMahon that he was terminated, and that said termination would be effective "not today, but very soon."

25. Ms. Viera failed to give any reasoning or explanation for this drastic adverse employment action.

26. Mr. McMahon's advanced age and refusal to be illegally forced into retirement were the clear causes for Lupin's illegal termination.

27. Unwilling to stand by while Lupin and its Human Resources department enacted its discriminatory policies, on January 10, 2024, Mr. McMahon again objected to Ms. Viera that he did not have any plans to retire and requested that Lupin provide an explanation for his sudden termination.

28. Mr. McMahon's objections up to this point are considered "protected activity" under the ADEA/FCRA, but again Ms. Viera failed to investigate or curb these blatantly illegal hiring/firing practices.

29. Ms. Viera also repeatedly failed to state any kind of non-discriminatory/non-retaliatory reason for Lupin's termination of Plaintiff.

30. When pressed for an answer, Ms. Viera, perhaps overwhelmed by the utter

4

illegality of Lupin's actions and her own complicity in them, burst into tears and cried, "I don't have one!"

31. It thus comes as no surprise that a few days later, on January 17, 2024, Lupin effectuated Mr. McMahon's termination, in violation of the law.

32. It is clear that Lupin terminated Mr. McMahon because of his advanced age, and for his refusal to accept an unlawful age-based forced retirement.

33. Any other "reason" theorized after the fact by Lupin or its attorneys for Lupin's termination of Mr. McMahon's employment is pure pretext.

34. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADEA/FCRA.

35. Defendant took adverse action toward older employees like Plaintiff but did not act similarly toward its younger counterparts for the same or similar offenses.

36. Defendant's decision to replace Mr. McMahon with younger employees evidences Defendant's discriminatory hiring/firing practices based on age, constituting blatant disparate treatment in violation of the law.

37. Defendant does not have a non-discriminatory rationale for its conduct, and the separation of Plaintiff's employment.

38. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, based upon the age discrimination and retaliation he endured at the hands of the Defendant.

39. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, emotional distress, as a result of Defendant's actions.

40. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to

represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- VIOLATION OF THE ADEA
## BASED ON AGE DISCRIMINATION

41. Plaintiff realleges and readopts the allegations contained in paragraphs 1 through 40 of the Complaint, as if fully set forth in this Count.

42. Plaintiff was over forty (40) years old when he was terminated.

43. Plaintiff was not terminated for cause.

44. Plaintiff was terminated only because of his age, and would not have been terminated, but for his age.

45. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

46. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

47. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

48. Plaintiff had more seniority than the employee who took over his primary job duties.

49. Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

50. Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

51. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA; require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages; award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA; and provide any additional relief that this Court deems just.

## COUNT II- VIOLATION OF THE FCRA
## BASED ON AGE DISCRIMINATION

52. Plaintiff realleges and readopts the allegations contained in paragraphs 1 through 40 of the Complaint, as if fully set forth in this Count.

53. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

54. Plaintiff was over forty (40) years old when he was terminated.

55. Plaintiff was terminated only because of his age, and would not have been terminated, but for his age.

56. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

57. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

58. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

59. Plaintiff had more seniority than the employee who took over his primary job duties.

60. Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

61. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

62. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

63. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the FCRA.

64. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages; award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat. and provide any additional relief that this Court deems just.

## COUNT III
## RETALIATION UNDER THE ADEA BASED ON AGE

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 40, above.

59. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his age.

60. Plaintiff's objections constituted protected activity under the ADEA.

61. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be age discrimination.

62. Plaintiff's protected activity, and his termination, are causally related.

63. Defendant's stated reasons for Plaintiff's termination are a pretext.

64. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay,

emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON AGE

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 40, above.

69. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his age.

70. Plaintiff's objections constituted protected activity under the FCRA.

71. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be age discrimination.

72. Plaintiff's protected activity, and his termination, are causally related.

73. Defendant's stated reasons for Plaintiff's termination are a pretext.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

76. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

77. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 23rd day of August 2024.

Respectfully submitted,

By: */s/ Noah Storch*
Noah Storch, Esq.
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, 103
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771

*Attorney for the Plaintiff*